COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOURDEAN SARAH LORAH

v.   Record No. 1164-96-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
ROD HARRIS/L2R DESIGN ASSOCIATES          NOVEMBER 26, 1996
AND
FIRST NATIONAL INSURANCE COMPANY
 OF AMERICA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Jourdean Sarah Lorah, pro se, on brief).

          (Lisa C. Healey; Siciliano, Ellis, Dyer &
          Boccarosse, on brief), for appellees.


     Jordean Sarah Lorah ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in denying her

application for benefits alleging an injury by accident arising

out of and in the course of her employment on February 13, 1992.

 Claimant makes numerous arguments in her opening brief which are

irrelevant to the disposition of this appeal.  The dispositive

issue is whether the commission erred in finding that the statute

of limitations contained in Code § 65.2-601 barred it from

considering claimant's application.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     Code § 65.2-601 provides that "[t]he right to compensation

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Claimant alleged that her accident occurred on February 13, 1992. She did not file her application until April 10, 1995, more than two years after the date of her alleged accident. Therefore, unless the statute of limitations was tolled or the doctrine of estoppel applied, claimant's application was time-barred.

Claimant admitted that she did not notify employer of her accident. In addition, employer's representative testified that he did not become aware of claimant's accident until April 1995, after the statute of limitations had expired. Thus, the commission did not err in refusing to apply the tolling provisions contained in Code § 65.2-602 or the doctrine of estoppel to bar employer from raising the statute of limitations.

Based upon this record, we cannot say that the commission erred in finding that claimant's application was time-barred. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

2